IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00572-BNB

JAMAL L. WARD,

    Applicant,

v.

ANGEL MEDINA, Warden L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DIRECTING RESPONDENTS TO SUPPLEMENT RECORD

    Applicant, Jamal L. Ward, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Ward initiated this action on March 5, 2012, by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Denver District Court Case No. 04CR1273. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    In an order entered on March 23, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A), and to include in their pre-answer response a response to Mr. Ward's "Motion for Exception to the Exhaustion Doctrine due to State Imposed Impediment" (ECF No. 2). On May 14, 2012, after being granted an extension of time, Respondents filed a pre-answer response. On June 1, 2012, Mr. Ward filed a

reply.

The Court must construe liberally Mr. Ward's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will direct Respondents to supplement the record as to their argument that this action may be dismissed as barred by the one-year limitation period.

Mr. Ward was convicted by a jury in Denver District Court Case No. 04CR1273 on three counts of first-degree assault arising from the January 8, 2004, shooting of three men in a Denver bar and one count of prohibited use of a weapon. ECF No. 12, ex. A (state court register) at 12; B (defendant-appellant's opening brief) at 6. Following a hearing on two habitual criminal counts, the trial court found Mr. Ward guilty on both counts and imposed mandatory prison sentences of forty-eight years on each of the assault convictions. ECF No. 12, ex. A at 10-11. The trial court ordered counts one and two to be served consecutively, and count three to be served concurrently with counts one and two. *Id.* at 10. On the prosecution's motion, the court dismissed the prohibited weapon count. *Id.* at 10-11.

Mr. Ward appealed directly to the Colorado Court of Appeals the validity of his habitual criminal convictions and the imposition of consecutive sentences and mandatory parole. ECF No. 12, ex. B. The Colorado Court of Appeals affirmed the judgment of conviction and the sentence, except as to count three. The Court *sua sponte* found that the concurrent sentence on count three was illegal because it was required to be consecutive to counts one and two, and remanded the case to the trial

court for resentencing on count three. ECF No. 12, ex. C (*People v. Ward*, No. 06CA1382 (Colo. Ct. App. June 19, 2008)). On April 6, 2009, the Colorado Supreme Court denied certiorari review. ECF No. 12, ex. D.

On September 1, 2009, the trial court modified Mr. Ward's sentence to require that the sentence on count three run consecutively to the sentences on counts one and two. ECF No. 12, ex. A at 8. Mr. Ward did not appeal.

On June 28, 2010, Mr. Ward filed motions for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure and for appointment of counsel. ECF No. 12, ex. A at 7; ex. E (petition for postconviction relief); and ex. F (motion for appointment of counsel). On September 2, 2010, pursuant to a court order, the prosecution filed its response to the Rule 35(c) motion. ECF No. 12, ex. A at 7. On November 16, 2010, Mr. Ward filed a letter with the trial court inquiring into the status of his postconviction proceeding. ECF No. 12, ex. G. Nothing further occurred in the case until August 19, 2011, when the trial court denied Mr. Ward's motions for postconviction relief and for counsel. ECF No. 12, ex. A at 6-7, ex. H. The state register of actions indicates that the court "cc[ed]" Mr. Ward with a copy of the order. ECF No. 12, ex. A at 7.

On the same day, Mr. Ward filed a letter with the court "[r]egarding [m]otion [f]iled 18 [m]onths [a]go." ECF No. 12, ex. A at 6. On September 6, 2011, Mr. Ward filed a reply to the prosecution's September 2, 2010, response to the Colo. R. Crim. P. 35(c) motion. On October 28, 2011, Mr. Ward filed a petition "to rule to show cause," ECF No. 12, exs. A at 6, I, asking the Colorado Supreme Court to order the trial court to show cause why no ruling had been entered on his Colo. R. Crim. P. 35(c) motion. On

November 7, 2011, the Colorado Supreme Court denied on the motion. ECF No. 12, ex. A at 6.

On December 23, 2011, Mr. Ward filed a motion asking the trial court to issue a new order denying his Colo. R. Crim. P. 35(c) motion *nunc pro tunc* to August 19, 2011, arguing that he had not been served with a copy of the original order denying relief. ECF No. 12, ex. A at 6, ex. J. On December 28, 2011, the trial court denied the motion. ECF No. 12, ex. A at 6.

Mr. Ward did not appeal. Instead, on January 27, 2012, he filed an original proceeding in the Colorado Supreme Court titled "Petition for Rule to Show Cause," ECF No. 12, ex. A at 6, seeking review of the "order denying his request for a new order denying his 35(c), nunc pro tunc to the original date which would have reinstated his State and Federal appellate rights, as well as the District Court's failure to serve him a copy of the initial order of denial." ECF No. 2 ("Motion for Exception to the Exhaustion Doctrine due to State Imposed Impediment") at 6-14. On February 9, 2012, the state supreme court denied the petition. ECF No. 12, ex. A at 5.

On March 5, 2012, Mr. Ward filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court. He asserts three claims:

      1.    denial of the right to postconviction counsel
      2.    ineffective assistance of trial counsel through the failure to
            a.    conduct a sufficient investigation,
            b.    interview and call three witnesses,
            c.    devote sufficient time to the case, thereby creating a conflict of interest,
            d.    discover two witnesses who had made statements to police

>             concerning an alternate suspect,
>             and
>     e.     challenge the habitual criminal
>             adjudication, and
> 3.   ineffective assistance of appellate
>       counsel through the failure to present a
>       Confrontation Clause claim.

ECF No. 1 at 5-6.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

5

subsection.

28 U.S.C. § 2244(d).

Based on the pre-answer response and reply, the Court requires additional information relevant to § 2244(d)(2) and the Colo. R. Crim. P. 35(c) postconviction motion Mr. Ward filed on June 28, 2010.  Mr. Ward alleges in his reply that he did not discover until November 29, 2011, when he received a response to his judicial complaint sent to the Colorado Commission on Judicial Discipline, that his Rule 35(c) motion was denied on August 19, 2011.  ECF No. 15 at 6, 11-12.   Respondents, in their pre-answer response, contend Mr. Ward may have grounds supporting good cause to file a delayed appeal because the prison mail log does not reflect the delivery and receipt of the trial court's August 19 order denying his Rule 35(c) motion, ECF No. 12, ex K, and "appears to corroborate applicant's claim that he did not receive the order." ECF No. 12 at 13.

Respondents' time-bar and exhaustion arguments in the pre-answer response appear to conflict.  On the one hand, in the time-bar portion of the pre-answer response, Respondents argue Mr. Ward abandoned his Colo. R. Crim. P. 35(c) postconviction motion.  ECF No. 12 at 7-10.  They concede in the exhaustion part of the pre-answer response, however, that Mr. Ward apparently failed to receive a copy of the dismissal order dated August 19, 2011, and still may petition for and have a reasonable probability of obtaining a delayed appeal.  *Id.* at 12-13.  The crux of these arguments appears to be an acknowledgment by Respondents that, if the state appeals court grants Mr. Ward permission to proceed with a delayed appeal, the Rule 35(c) postconviction motion would still be pending, and Mr. Ward's habeas corpus application

filed in this Court would not be time-barred.  Mr. Ward does not appear to have moved to file a late appeal from the denial of his Colo. R. Crim. P. 35(c) motion.

Therefore, Respondents will be ordered to supplement the record with additional information relevant to § 2244(d)(2) and the Colo. R. Crim. P. 35(c) postconviction motion Mr. Ward filed on June 28, 2010, and the state trial court denied on August 19, 2011.

Accordingly, it is

ORDERED that Respondents supplement the record as directed in this order **within twenty-one (21) days from the date of this order**.

DATED June 20, 2012, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge