IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00572-BNB

JAMAL L. WARD,

    Applicant,

v.

ANGEL MEDINA, Warden L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Jamal L. Ward, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Limon, Colorado.  Mr. Ward initiated this action on March 5, 2012, by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Denver District Court Case No. 04CR1273.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    In an order entered on March 23, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A), and to include in their pre-answer response a response to Mr. Ward's "Motion for Exception to the Exhaustion Doctrine due to State Imposed Impediment" (ECF No. 2).  On May 14, 2012, after being granted an extension of time, Respondents filed a pre-answer response.  On June 1, 2012, Mr. Ward filed a

reply.

The Court must construe liberally Mr. Ward's filings because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Mr. Ward was convicted by a jury in Denver District Court Case No. 04CR1273 on three counts of first-degree assault arising from the January 8, 2004, shooting of three men in a Denver bar and one count of prohibited use of a weapon. ECF No. 12, ex. A (state court register) at 12; B (defendant-appellant's opening brief) at 6. Following a hearing on two habitual criminal counts, the trial court found Mr. Ward guilty on both counts, and imposed mandatory prison sentences of forty-eight years on each of the assault convictions. ECF No. 12, ex. A at 10-11. The trial court ordered counts one and two to be served consecutively, and count three to be served concurrently with counts one and two. *Id.* at 10. On the prosecution's motion, the court dismissed the prohibited weapon count. *Id.* at 10-11.

Mr. Ward appealed directly to the Colorado Court of Appeals the validity of his habitual criminal convictions and the imposition of consecutive sentences and mandatory parole. ECF No. 12, ex. B. The Colorado Court of Appeals affirmed the judgment of conviction and the sentences, except as to count three. The Court *sua sponte* found that the concurrent sentence on count three was illegal because it was required to be consecutive to the sentences for counts one and two and remanded the case to the trial court for resentencing on count three. ECF No. 12, ex. C (*People v.*

*Ward*, No. 06CA1382 (Colo. Ct. App. June 19, 2008)). On April 6, 2009, the Colorado Supreme Court denied certiorari review. ECF No. 12, ex. D.

On September 1, 2009, the trial court modified Mr. Ward's sentences to require that the sentence on count three run consecutively to the sentences on counts one and two. ECF No. 12, ex. A at 8. Mr. Ward did not appeal.

On June 28, 2010, Mr. Ward filed motions for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure and for appointment of counsel. ECF No. 12, ex. A at 7; ex. E (petition for postconviction relief); and ex. F (motion for appointment of counsel). On September 2, 2010, pursuant to a court order, the prosecution filed its response to the Rule 35(c) motion. ECF No. 12, ex. A at 7. On November 16, 2010, Mr. Ward filed a letter with the trial court inquiring into the status of his postconviction proceeding. ECF No. 12, ex. G. Nothing further occurred in the case until August 19, 2011, when the trial court denied Mr. Ward's motions for postconviction relief and for counsel. ECF No. 12, ex. A at 6-7, ex. H. The state register of actions indicated the court "cc[ed]" Mr. Ward with a copy of the order. ECF No. 12, ex. A at 7.

On the same day, Mr. Ward filed a letter with the court "[r]egarding [m]otion [f]iled 18 [m]onths [a]go." ECF No. 12, ex. A at 6. On September 6, 2011, Mr. Ward filed a reply to the prosecution's September 2, 2010, response to the Colo. R. Crim. P. 35(c) motion. On October 28, 2011, Mr. Ward filed a petition "to rule to show cause," ECF No. 12, exs. A at 6, I, asking the Colorado Supreme Court to order the trial court to show cause why no ruling had been entered on his Colo. R. Crim. P. 35(c) motion. On November 7, 2011, the Colorado Supreme Court denied the motion. ECF No. 12, ex. A at 6.

On December 23, 2011, Mr. Ward filed a motion asking the trial court to issue a new order denying his Colo. R. Crim. P. 35(c) motion *nunc pro tunc* to August 19, 2011, arguing that he had not been served with a copy of the original order denying relief. ECF No. 12, ex. A at 6, ex. J.  On December 28, 2011, the trial court denied the motion. ECF No. 12, ex. A at 6.

Mr. Ward did not appeal.  Instead, on January 27, 2012, he filed an original proceeding in the Colorado Supreme Court titled "Petition for Rule to Show Cause," seeking review of the "order denying his request for a new order denying his 35(c), nunc pro tunc to the original date which would have reinstated his State and Federal appellate rights, as well as the District Court's failure to serve him a copy of the initial order of denial."  ECF No. 2 ("Motion for Exception to the Exhaustion Doctrine due to State Imposed Impediment") at 6-14.  On February 9, 2012, the state supreme court denied the petition.  ECF No. 12, ex. A at 5.

On March 5, 2012, Mr. Ward filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court.  He asserts three claims:

    1.    denial of the right to postconviction counsel
    2.    ineffective assistance of trial counsel through the failure to
          a.    conduct a sufficient investigation,
          b.    interview and call three witnesses,
          c.    devote sufficient time to the case, thereby creating a conflict of interest,
          d.    discover two witnesses who had made statements to police concerning an alternate suspect, and
          e.    challenge the habitual criminal adjudication, and

        3.        ineffective assistance of appellate counsel through the failure to present a Confrontation Clause claim.

ECF No. 1 at 5-6.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Alternatively, they argue claim one fails to invoke the jurisdiction of the Court and claims two and three are unexhausted.

Based upon the pre-answer response and reply, Magistrate Judge Boland determined that the Court required additional information relevant to the Colo. R. Crim. P. 35(c) postconviction motion Mr. Ward filed on June 28, 2010, and § 2244(d)(2), which provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. Mr. Ward alleged in his reply that he did not discover until November 29, 2011, when he received a response to his judicial complaint sent to the Colorado Commission on Judicial Discipline, that his Rule 35(c) motion was denied on August 19, 2011. ECF No. 15 at 6, 11-12. Respondents, in their pre-answer response, contended Mr. Ward may have grounds supporting good cause to file a delayed appeal because the prison mail log does not reflect the delivery and receipt of the trial court's August 19 order denying his Rule 35(c) motion, ECF No. 12, ex K, and "appears to corroborate applicant's claim that he did not receive the order." ECF No. 12 at 13.

Respondents' time-bar and exhaustion arguments in the pre-answer response appeared to conflict. On the one hand, in the time-bar portion of the pre-answer response, Respondents argued Mr. Ward abandoned his Colo. R. Crim. P. 35(c)

postconviction motion. ECF No. 12 at 7-10. Yet, Respondents conceded in the exhaustion section of the pre-answer response that Mr. Ward apparently failed to receive a copy of the August 19, 2011, dismissal order, and still may petition for and have a "reasonable probability" of obtaining a delayed appeal. *Id.* at 13. The crux of these arguments appeared to be an acknowledgment by Respondents that, if the state appeals court grants Mr. Ward permission to proceed with a delayed appeal, the Rule 35(c) postconviction motion would still be pending, and Mr. Ward's habeas corpus application filed in this Court would not be time-barred. Mr. Ward does not appear to have moved to file a late appeal from the denial of his Colo. R. Crim. P. 35(c) motion.

Therefore, on June 20, 2012, Magistrate Judge Boland ordered Respondents to supplement the record within twenty-one days with additional information relevant to § 2244(d)(2) and the Colo. R. Crim. P. 35(c) postconviction motion Mr. Ward filed on June 28, 2010, and the state trial court denied on August 19, 2011. On July 10, 2012, Respondents filed a supplemental response (ECF No. 18) clarifying their position.

Having reviewed the record in this case, the Court, in exercising an abundance of caution, finds that Mr. Ward did not abandon the Colo. R. Crim. P. 35(c) postconviction motion filed in the state trial court on June 28, 2010, and denied on August 19, 2011. Although it is possible Mr. Ward may have obtained an earlier resolution by communicating with the state trial court between his inquiry letters of November 16, 2010, and August 19, 2011, he did not abandon his Rule 35(c) motion because the trial court ruled on the motion, albeit not within the sixty-day period under Colo. R. Crim. P. 35(c)(3)(V) for the trial court to issue a ruling. The state appellate courts generally have interpreted such time limitations as "directory" rather than jurisdictional. *See, e.g.,*

*People v. Osorio*, 170 P.3d 796, 798-99 (Colo. App. 2007) (interpreting the sixty-day provision of Colo. Crim. P. 35(c)(3)(IV) as "directory" rather than jurisdictional). Notably, the statute does not contain language that precluded the trial court's action after the sixty-day period.

Therefore, claims two and three will be dismissed for failure to exhaust state remedies because Mr. Ward may still petition for, and have a "reasonable probability" of obtaining, a delayed appeal from the denial of his Rule 35(c) postconviction motion. See ECF No. 12 at 13. As previously stated, Mr. Ward does not appear to have moved to a file a late appeal from the denial of his Colo. R. Crim. P. 35(c) motion.

Mr. Ward's first claim that he was denied the right to postconviction counsel will be dismissed for failure to raise a cognizable federal constitutional claim because no such right exists. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987); *see also* § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Martínez v. Ryan*, 132 S. Ct. 1309, 1315 (2012) (in creating narrow equitable except to general rule that ineffective assistance of post-conviction counsel cannot excuse procedural default, the Court expressly did not "resolve whether that exception exists as a constitutional matter"). Because the claims will be dismissed for the reasons stated above, the Court will refrain from addressing further Respondents' time-bar argument.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Ward files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice because claim one is not cognizable on federal habeas corpus review and claims two and three are not exhausted in state court.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  19th  day of    July      , 2012.

BY THE COURT:


　　s/Lewis T. Babcock　　　　
LEWIS T. BABCOCK, Senior Judge
United States District Court