IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00572-LTB

JAMAL L. WARD,

    Applicant,

v.

ANGEL MEDINA, Warden L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DENYING MOTION TO RECONSIDER

    Applicant, Jamal L. Ward, filed *pro se* on July 25, 2012, a motion titled "Motion to Amend/Alter Order of Judgment and Dismissal" (ECF No. 22) in which he asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 196) and the Judgment (ECF No. 20) entered in this action on July 19, 2012.  The Court must construe the motion liberally because Mr. Ward is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will

consider Mr. Ward's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court denied the habeas corpus application pursuant to 28 U.S.C. § 2254 and dismissed the instant action without prejudice for Mr. Ward's failure to exhaust state remedies as to his second and third claims and failure to assert a claim one cognizable on federal habeas corpus review. The July 19 dismissal order discusses in detail the reasons for the dismissal.

In the motion to reconsider, Mr. Ward contends that he "cannot file an out-of-time appeal" from the denial of his postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Civil Procedure because he anticipates the Colorado Court of Appeals will not consider it. ECF No. 22 at 1. However, Mr. Ward fails to allege that he has filed an out-of-time appeal, or that the Colorado Court of Appeals has denied any out-of-time appeal he may have filed. Alternatively, he asks this Court to stay the

application pursuant to *Rhines v. Weber*, 544 U.S. 269 (2002), but fails to provide a legitimate reason to justify this Court granting a stay and abeyance in this case, i.e., to toll the one-year limitation period, which does not yet appear to have expired in this case, or to allow for exhaustion of a mixed petition, which the instant action is not. *Id.* at 276-79.  Moreover, Mr. Duran's argument that Respondents waived exhaustion is erroneous.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Ward fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  Therefore, the motion to reconsider will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion to Amend/Alter Order of Judgment and Dismissal" (ECF No. 22) that Applicant, Jamal L. Ward, filed *pro se* on July 25, 2012, and which and which the Court has treated as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this  3rd  day of    August           , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court